## CHANCELLOR v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 16, 1916.)

No. 4425.

1. INDIANS ⊗⇒38(5)—INTOXICATING LIQUORS—EVIDENCE—ADMISSIBILITY.

In a prosecution for introducing from another state, in violation of Act March 1, 1895, c. 145, 28 Stat. 693, intoxicating liquor into that part of Oklahoma which was formerly the Indian Territory, a witness, a resident of Texas, from whence the liquors were brought, testified that he found a wagon bound toward the Oklahoma border stuck in the mud and helped pull it out. The witness described the wagon and teams, but was indefinite as to the time, and unable to identify defendants as the teamsters. Testimony by another witness indicated that the wagon in question was one loaded with liquor and afterwards seized in Oklahoma. *Held* that, as one witness may testify to a fact and another show its relevance, the testimony as to the finding of the wagon was properly received.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 66; Dec. Dig. ⊗⇒38(5).]

2. INDIANS ⊗⇒38(5)—INTOXICATING LIQUORS—OFFENSES—EVIDENCE—SUFFICIENCY.

In prosecution, under Act March 1, 1895, for introducing from without intoxicating liquors into that part of the state of Oklahoma formerly the Indian Territory, evidence *held* to warrant a conviction.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 66; Dec. Dig. ⊗⇒38(5).]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Jim Chancellor was convicted of introducing from outside intoxicating liquor into that part of the state of Oklahoma which was formerly the Indian Territory, in violation of Act March 1, 1895, and he brings error. Affirmed.

James C. Denton, of Muskogee, Okl. (Frank Lee, of Muskogee, Okl., on the brief), for plaintiff in error.

W. P. Z. German, Sp. Asst. U. S. Atty., of Muskogee, Okl. (D. H. Linebaugh, U. S. Atty., and W. P. McGinnis, Sp. Asst. U. S. Atty., both of Muskogee, Okl., on the brief), for the United States.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. Jim Chancellor, the plaintiff in error, and others, were convicted of introducing intoxicating liquor from outside the state of Oklahoma into that part of the state which was formerly Indian Territory, in violation of Act March 1, 1895, 28 Stat. 693. A wagon containing 21 kegs of whisky was driven from Texas into Okla-

homa across the Red river at Freeman's Ferry on the night of March 11, 1914. It was seized by the officers shortly after its arrival on the Oklahoma side, and several men, including the plaintiff in error, were placed under arrest. They were afterwards severally indicted and convicted upon a joint trial.

[1] Complaint is made of the admission and refusal to strike out the testimony of one Bird Comer. The witness, a resident of Texas, told how he found a wagon bound from the direction of Gainesville, Tex., toward the Oklahoma border, stuck in the mud, and at the instance of those in charge he hitched to it and helped pull it out. He described the wagon and the teams, and some other circumstances, but was indefinite as to the time, and was unable to identify the men there with any of those on trial. The objection made is in effect that no connection appeared in Comer's testimony between the occurrences he related and the offense charged. But the jury were fully warranted by the testimony of other witnesses, particularly that of Hickman, in believing that the wagon Comer described was the one loaded with liquor and afterwards seized on the Oklahoma side of the river. One witness may testify to a fact, and another may show its relevance. It is not essential that each should know both the fact and its bearing on the case. If counsel's contention were sustained, we should have to do away with the law of circumstantial evidence.

[2] Complaint is also made of the denial of a motion for a directed verdict. While the evidence of Jim Chancellor's participation in the offense was more circumstantial than direct, we think it was substantial. He was camped at the ferry on the Oklahoma side the night the wagon load of liquor was brought across. Those who were there and those with the wagon, one of the latter being his brother, made a common party on its arrival. His knowledge of the situation was indicated by his statement to the officers that certain of the men arrested had nothing to do with it; and they were released on his word. There was also testimony that one of his horses was used in hauling the wagon. All the circumstances need not be set forth. In the aggregate they were quite persuasive of his guilt.

The other objections presented relate to some instructions and comments of the court upon the evidence. They are too clearly without merit for discussion.

The sentence is affirmed.